United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 19-11998-mdc
Kimberly Ann Glaser                                                   Chapter 13
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Virginia          Page 1 of 1              Date Rcvd: Nov 14, 2019
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 16, 2019.
db              +Kimberly Ann Glaser,    2253 Disston Street,    Philadelphia, PA 19149-1917

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 16, 2019                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 14, 2019 at the address(es) listed below:
              IRWIN LEE TRAUSS    on behalf of Debtor Kimberly Ann Glaser itrauss@philalegal.org,
               irwin@trauss.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Wells Fargo Bank, N. A. as Trustee for the
               Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                               TOTAL: 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kimberly Ann Glaser aka Kimberly A. Glaser aka Kimberly Glaser aka Kimberly A. Lamanna aka Kimberly Ann Montello<br>Debtor | CHAPTER 13 |
| Wells Fargo Bank, N. A. as Trustee for the Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates<br>Movant<br>vs. | NO. 19-11998 MDC<br><br>11 U.S.C. Section 362 |
| Kimberly Ann Glaser aka Kimberly A. Glaser aka Kimberly Glaser aka Kimberly A. Lamanna aka Kimberly Ann Montello<br>Debtor | |
| William C. Miller Esq.<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Debtor is current on post-petition loan payments through September 2019.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due October 1, 2019 in the amount of $507.56.

3. In the event Movant believes that the payments under Section 2 above are not being made, the Movant may relist via Praecipe the instant Motion for Relief hearing without the need to file a new motion.

4. Notwithstanding paragraphs two (2) and three (3) above, nothing in this Stipulation prevents Debtor from raising any and all defenses to the motion for relief that would have been available to Debtor had this stipulation not been entered into.

5. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

Date: 11/1/2019          By: /s/ Rebecca A. Solarz, Esquire
                             Rebecca A. Solarz, Esquire

Date: 10/10/2019
                             Irwin Trauss, Esquire
                             Attorney for Debtor

**NO OBJECTION**

Date: 10/1/19
                             William C. Miller, Esquire
                             ~~Attorney for Debtor~~

Approved by the Court this 14th day of November, 2019. However, the court retains discretion regarding entry of any further order.

                             Magdeline D. Coleman
                    Chief U.S. Bankruptcy Judge
                             Magdeline D. Coleman